# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Penske,**
**Employer Below, Petitioner**


**v.)**      **No. 25-112** (JCN: 2022007062)
                   (ICA No. 24-ICA-231)

**James A. Hughey,**
**Claimant Below, Respondent**


# MEMORANDUM DECISION


Petitioner Penske appeals the December 6, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Penske v. Hughey* (*Hughey II*), No. 24-ICA-231, 2024 WL 5010595 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision).[1] Respondent James A. Hughey filed a timely response.[2] The issue on appeal is whether the ICA erred in affirming the May 10, 2024, decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"), which reversed the claim administrator's order rejecting the claim. The Board of Review held the claim compensable for a lumbar sprain/strain.

The employer asserts that the claimant failed to meet his burden of showing by a preponderance of the evidence that he sustained an injury in the course of and resulting from his employment, pointing to (1) inconsistencies in the claimant's statements regarding the alleged mechanism of injury, and (2) the failure of the witness (a coworker) to corroborate the claimant's report of a workplace injury.[3] Therefore, the employer argues that this Court should reverse the

---

[1] In *Hughey v. Penske* (*Hughey I*), No. 22-578, 2024 WL 340456 (W. Va. Jan. 25, 2024) (memorandum decision), this Court reversed an earlier affirmation of the claim's rejection and remanded the claim to the West Virginia Workers' Compensation Board of Review with directions to reevaluate compensability in light of the record. *Id.* at *3.

[2] The employer appears by counsel Aimee M. Stern, and the claimant appears by counsel Reginald D. Henry and Lori J. Withrow.

[3] The Board of Review rejected the employer's arguments, finding that "the claimant's testimony and other representations regarding the injury are credible and persuasive." The ICA deferred to the Board of Review's credibility determinations and affirmed its decision. *Hughey II*, 2024 WL 5010595, at *3; *see State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact.").

ICA and reinstate the claim administrator's order rejecting the claim. The claimant counters by arguing that the evidence shows that the petitioner sustained a lumbar sprain/strain while at his job. The claimant argues that the Board of Review's May 2024 decision holding the claim compensable complied with this Court's directions in *Hughey I*[4] and correctly found that substantial evidence supported the claimant's testimony that he injured his lower back at work. The claimant argues that the employer's mere disagreement with the Board of Review constitutes an insufficient basis on which to reverse the Board of Review's May 2024 decision and that the ICA properly affirmed the May 2024 decision holding the claim compensable.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 10, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

---

[4] *See* fn.1, supra.